IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN JOSHUA DINKLE, ) | |
| AIS #309785, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-1052-WHA |
| ) | |
| KAY IVEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Steven Joshua Dinkle, a state inmate currently incarcerated at the Easterling Correctional Facility, filed this 42 U.S.C. § 1983 action on December 16, 2019. In this complaint, Dinkle challenges conditions present in various correctional facilities since his entry into the state prison system in September of 2017. He also appears to challenge his classification as a sex offender based on his conviction of a sex offense and his placement in medium custody.

Dinkle, however, "did not submit the requisite documentation from the inmate account clerk at [his place of incarceration] showing his average monthly balance and average deposits to his inmate account over the last six months. Thus, the pleadings filed by the plaintiff fail to provide the court with the information necessary for a determination of whether [he] should be allowed to proceed without prepayment of a filing fee in this cause of action." Doc. 3 at 1. The court therefore required Dinkle to "file a prison account statement from the account clerk . . . showing the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the

average monthly deposits to plaintiff's account during the past six months." Doc. 3 at 1–2.  The order further "cautioned [Dinkle] that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed for such failure." Doc. 3 at 2.  His time for filing a prison account statement expired on March 23, 2020.  Doc. 11.  Dinkle did not file his prison account statement within the time provided by the court.  Based on the forgoing, the court entered an order "that on or before April 23, 2020 the plaintiff shall (i) show cause why he has failed to file his prison account statement as ordered by this court, and (ii) file his prison account statement." Doc. 15.

As of the present date, Dinkle has failed to file the requisite financial information within the time prescribed by the court.  Absent either pre-payment of the requisite fees or the granting of *in forma pauperis* status, this case cannot proceed before this court.  The undersigned therefore concludes that this case is due to be dismissed without prejudice.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory

litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Dinkle's failure to file necessary financial information as ordered by this court.

On or before **June 1, 2020** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 18th day of May, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE